J-A27008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ALEATHEA GILLARD | : | |
| Appellant | : | No. 3390 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002546-2016

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 18, 2019**

Aleathea Gillard appeals from the judgment of sentence of twenty-two-and-one-half to forty-five years of incarceration, imposed following her guilty plea to voluntary manslaughter, conspiracy, and possession of an instrument of crime ("PIC").  We affirm.

At 6:30 p.m. on April 7, 2015, ten-year-old S.G. told Appellant, his mother, that a homeless man, named Robert Barnes ("victim"), had hit him and called him a racial slur while he was riding his bike by a Sunoco gas station in northwest Philadelphia.  Appellant armed herself with a wooden chair leg and, accompanied by her friends, Shareena Joachim and Kaisha Duggins, and three children, got into her van in order to drive to the gas station to confront the victim.  Two of the juveniles in the van were Appellant's children.

_____

[*] Retired Senior Judge assigned to the Superior Court.

At 6:40 p.m., Appellant and her friends arrived at the gas station, where the victim was still present, and exited the vehicle. Appellant began to hit the victim repeatedly with a wooden chair leg, while Duggins struck him with a hammer. The juvenile co-defendants also participated in the beating. Joachim attempted to mace the victim; however, she accidentally maced one of the juveniles instead. Although multiple witnesses yelled at the defendants to stop, and the victim had been knocked to the ground, the beating continued. Eventually, Appellant and her co-defendants returned to their vehicle and drove away, leaving the victim bleeding on the ground.

The victim was rushed to Albert Einstein Medical Center where he underwent brain surgery. Upon transfer to a nursing home, the victim's physical condition continued to deteriorate. On November 25, 2015, approximately seven months after the incident, the victim died. Autopsy results revealed that the victim suffered brain hemorrhages, contusions to both eyes, a fractured left orbital bone, a fractured nasal bone, and blunt impact injury to the torso. The Montgomery County Medical Examiner's Office determined that the cause of death was complications following blunt impact injury to the head and that the manner of death was homicide.

During the investigation, video surveillance from the gas station revealed that the victim was unarmed and had no interactions with Appellant or any of her co-defendants prior to being assaulted. Additionally, footage from earlier that day uncovered the fact that the victim had never had any contact with S.G. Appellant and her co-defendants signed statements

admitting to their roles in the attack. Specifically, Appellant admitted that, in addition to beating the victim with a chair leg, she also punched and kicked him.

On January 29, 2018, Appellant entered a guilty plea to the aforementioned charges. In exchange for her guilty plea, the Commonwealth *nolle prossed* charges of attempted murder, simple assault, and recklessly endangering another person. Since there was no agreement as to Appellant's sentence, the trial court postponed sentencing so that a presentence investigation ("PSI") report and mental health evaluation could be completed.

On June 29, 2018, Appellant appeared for sentencing. After defense counsel conceded that the deadly weapon enhancement sentencing guidelines applied, the sentencing court ordered Appellant to serve ten to twenty years of incarceration for voluntary manslaughter, a consecutive two to five years of incarceration for PIC, and a consecutive ten to twenty years of incarceration for conspiracy. Appellant received the statutory maximum terms of incarceration at each conviction. In the aggregate, Appellant's sentence was twenty-two and one-half to forty-five years of incarceration.

Appellant filed a motion to reconsider her sentence due to her youth, lack of a criminal history, employment history, family background, and remorseful demeanor. The motion was denied and this timely appeal followed. The trial court issued its Pa.R.A.P. 1925(a) opinion.

Appellant presents the following issues for our review:

1. [Appellant] pleaded guilty to voluntary manslaughter and other crimes. The trial court imposed a 45-year sentence, finding that she, in substance, committed murder. Was the trial court's sentence an abuse of discretion?

2. The trial court sentenced [Appellant] to the statutory maximum for possession of the instrument of a crime, conspiracy, and voluntary manslaughter, with the sentences to run consecutively because of its beliefs concerning the severity of the killing. Did the trial court abuse its discretion by failing to consider her rehabilitative needs and by imposing a manifestly excessive sentence?

3. Alternatively, if this Court finds that the trial court's findings are unclear, should it remand for resentencing?

Appellant's brief at 3.

Appellant challenges the discretionary aspects of her sentence. As such, the following principles apply to our consideration of whether review of the merits of her claims are warranted.

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Appellant filed both a timely motion for reconsideration of her sentence and a timely notice of appeal. In her motion, Appellant challenged the court's failure to consider mitigating factors, such as her zero prior record score and acceptance of responsibility, when it fashioned her sentence. However, Appellant did not challenge the trial court's factual findings as being inconsistent with her plea to voluntary manslaughter. She also did not raise this issue in her concise statement of errors complained of on appeal. Since Appellant's first sentencing issue was not raised in the trial court, we cannot consider it. *Id*. at 1006.

Appellant did properly preserve her second issue. Therefore, we now proceed to determine whether Appellant has raised a substantial question as to that claim. Appellant's brief contains a statement of reasons relied upon for her challenge to the discretionary aspects of her sentence as required by Pa.R.A.P. 2119(f). Appellant's brief at 10-11. In her statement, Appellant claims that a substantial question is presented by the fact that the trial court "failed to consider [Appellant's] rehabilitative needs." *Id*. at 11. We find that this claim raises a substantial question, as it challenges the sentencing court's alleged failure to consider mitigating factors when constructing its sentence. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272 (Pa.Super. 2013). Accordingly, we now turn our attention to Appellant's discretionary sentencing challenge.

The following principles apply to our substantive review of Appellant's claim. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1134 (Pa.Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009). Instead, we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather[,] the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014).

A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Antidormi***, ***supra*** at 761 (citations and quotation marks omitted). Finally, when the trial court has been informed by

a PSI, it is presumed that the trial court is aware of and has been informed by all appropriate sentencing factors and considerations. ***Commonwealth v. Bullock***, 170 A.3d 1109, 1126 (Pa.Super. 2017).

In her brief, Appellant concedes that the sentencing court "did consider mitigating factors," while simultaneously arguing that the court did not consider mitigating factors at all. Appellant's brief at 22. Appellant also posits that the court improperly "fixated on the severity of [Appellant's] killing of [the victim]." ***Id***. This contradictory argument fails.

The certified record demonstrates that the trial court properly relied on several factors in electing to impose the maximum sentence allowed by law. The court followed the general principles outlined in § 9721(b), *i.e.*, that the sentence be consistent with the protection of the public, the gravity of the offense as it relates to the victim and community, and the rehabilitative needs of the offender. In fashioning the judgment of sentence, the trial court referenced the PSI report and mental health evaluation, arguments made by the prosecutor and defense attorney, and Appellant's own allocution accepting responsibility and expressing remorse. N.T. Sentencing, 6/29/18, at 5, 109-14. In its opinion, the court explained that it "consulted the guidelines, and considered the factors promulgated by the legislature and the appellate courts before imposing the sentence in this case." Trial Court Opinion, 12/19/18, at 4.

At the hearing, the court offered the following explanation for its decision:

> . . . There are mitigating circumstances in this case, ma'am. However, it's been laid out in one or more of the reports by either presentence investigation, mental health evaluation, the memorandums or the presentations that we've all heard here. But at the top of that list is your acceptance of responsibility, the fact that you pled guilty. In addition, the fact that you're a mother of eight children. In addition, the underlying psychiatric disorder that you have been diagnosed with, the fact that you have no prior criminal record.
>
> However, the mitigating factors are outweighed by the various aggravating circumstances of this case. As is clear, it was not a typical voluntary manslaughter case. In other words, the case is compellingly different from other manslaughter cases. The crime was committed, that is, a criminal homicide without attempting to verify the report of the young man who said he had been assaulted by the victim. You enlisted the aids of others; you armed yourself before leaving the safety of your home; you drove from your home to the scene of the crime and attacked the victim repeatedly. You engaged in a measure of brutality substantially more than was required to effectuate the desired end.
>
> You caused the victim to suffer undue pain and agony from April 2015 through November 2015. And yes, you involved your minor children in this crime as combatants, at least two of which [have] been adjudicated a delinquent for third degree murder. The degree of guilt that you avoided by pleading guilty to voluntary manslaughter.
>
> So in light of the [forgoing], the Court finds that an upward departure from the guideline is required.

N.T. Sentencing, 6/29/18, at 111-13.

The record establishes that the trial court took into account the relevant factors and explained the reasons for imposing the maximum sentence allowed by law. After considering all of the mitigating evidence presented at

the hearing, it found that Appellant, without attempting to verify the report that led to the assault, made the decision to involve her own minor children in a brutal attack on an unarmed man, who then suffered for months before he succumbed to his injuries. *Id*. at 111-13. We have no license to reweigh the mitigating circumstances against the aforementioned factors. *Macias*, *supra* at 778. Accordingly, the trial court acted well within its discretion when it sentenced Appellant to the statutory maximum.

Judgment of sentence affirmed.

Judge Shogan joins the memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/19